**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

WILLIAM LAPLANTE,

    Plaintiff,

v.

CASE NO:
HON:

EMMETT CHARTER TOWNSHIP,
CALHOUN COUNTY, BRIAN HATCH,
CURTIS SMITH, and FRANCISCO ROSADO,
in their individual and official capacities,

    Defendants.

| |
|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shawn.cabot@cjtrainor.com |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT.

**COMPLAINT AND JURY DEMAND**

    **NOW COMES** Plaintiff, **WILLIAM LAPLANTE,** by and through his attorneys CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1

1. Plaintiff is a resident of the City of Battle Creek, and of County of Calhoun, State of Michigan.

2. Defendants Curtis Smith and Francisco Rosado are and/or were deputies employed by the Calhoun County Sheriff's Department and were acting under color of law, in their individual and official capacities, and within the course and scope of their employment at all times mentioned herein.

3. Defendant Brian Hatch is and/or was a police officer employed by the Emmett Charter Township Department of Public Safety and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

4. Defendants Emmett Charter Township and Calhoun County are municipal corporations and governmental subdivisions organized and existing under the laws of the State of Michigan.

5. All relevant events giving rise to this lawsuit occurred in Emmett Charter Township, County of Calhoun, State of Michigan.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. This lawsuit arises out of Defendants' violations of Plaintiff's Federal Constitutional rights as secured by the Fourth Amendment of the United States Constitution and consequently Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

8. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## FACTS

9. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set herein.

10. On September 9, 2018 Defendants initiated a traffic stop of Plaintiff.

11. Thereafter, Plaintiff exited his vehicle and soon after laid on the ground in a position of surrender.

12. For no lawful purpose whatsoever, Defendant Smith and Defendant Rosado quickly approached Plaintiff and physically attacked him.

13. While Plaintiff was still on the ground, Defendant Smith and Defendant Rosado delivered multiple strikes to Plaintiff' body.

14. Defendant Hatch then arrived on the scene and assisted Defendant Smith and Defendant Rosado in attacking Plaintiff.

15. For no justifiable reason whatsoever, Defendant Hatch then delivered multiple strikes to Plaintiff's arm, back, and ribs.

16. Defendant Smith then placed handcuffs on Plaintiff and without requesting any medical treatment, Plaintiff was placed in Defendant Smith's patrol car and taken to the Calhoun County Jail.

17. As a result of the actions and/or inactions of Defendants Hatch, Smith, and Rosado, Plaintiff sustained injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S. C § 1983 EXCESSIVE FORCE

18. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

19. That Defendants were at all relevant times acting under color of law and acting within the scope of their employment.

20. As a result of the conduct complained of herein, Plaintiff suffered a deprivation of his clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws, including but not limited to, the right to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, the right to be free from unreasonable searches and seizures, and the right to be free from excessive and/or unreasonable force.

21. The Defendants violated Plaintiff's clearly established and federally protected rights by using excessive and/or unreasonable force against Plaintiff and/or failing to intervene on his behalf.

22. That Defendants' acts were at all times intentional, objectionably unreasonable, unnecessary, excessive, reckless, and/or grossly negligent, and in violation of Plaintiff's clearly established rights under the United State Constitution.

23. As a result of Defendants' violations/deprivations of Plaintiff's clearly established constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## COUNT II
## DEFENDANTS EMMETT CHARTER TOWNSHIP AND CALHOUN COUNTY'S CONSTITUTIONAL VIOLATIONS

24. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

25. Defendants Emmett Charter Township and Calhoun County acted recklessly and/or with deliberate indifference when they practiced and/or permitted customs, policies, and/or practices that resulted in constitutional violations to Plaintiff.

26. That these customs, policies, and/or practices included but were not limited to the following:

    a. Failing to train and/or supervise its officers/deputies so as to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise police officers/deputies regarding the proper use of force;

    c. Failing to supervise, review, and/or discipline police officers/deputies whom Defendants Emmett Charter Township and Calhoun County knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in unlawful conduct;

    d. Failing to control and/or discipline police officers/deputies known to harass, intimidate, and/or abuse citizens; and

    e. Having a custom, policy, and/or practice of using unlawful force against citizens.

27. Defendants Emmett Charter Township and Calhoun County's conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

28. Defendants Emmett Charter Township and Calhoun County's deliberately indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

29. Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

                Respectfully Submitted,
                CHRISTOPHER TRAINOR & ASSOCIATES

                BY: **s/ Shawn C. Cabot**_____
                CHRISTOPHER J. TRAINOR (P42449)
                SHAWN C. CABOT (P64021)
                Attorneys for Plaintiff
                9750 Highland Road
                White Lake, MI  48386
                (248) 886-8650

Dated: March 5, 2019
SCC/map

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

WILLIAM LAPLANTE,

    Plaintiff,

v.                                                                                          CASE NO:
                                                                                            HON:

EMMETT CHARTER TOWNSHIP,
CALHOUN COUNTY, BRIAN HATCH,
CURTIS SMITH, and FRANCISCO ROSADO,
in their individual and official capacities,

    Defendants.

| |  |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shawn.cabot@cjtrainor.com | |

**DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, **WILLIAM LAPLANTE**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

>Respectfully Submitted,
>CHRISTOPHER TRAINOR & ASSOCIATES
>
>BY: **s/ Shawn C. Cabot**
>CHRISTOPHER J. TRAINOR (P42449)
>SHAWN C. CABOT (P64021)
>Attorneys for Plaintiff
>9750 Highland Road
>White Lake, MI  48386
>(248) 886-8650

Dated: March 5, 2019
SCC/map